**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| LIANNE YAO, ) | |
| ) | |
| *Plaintiff*, ) | **Case No. 18-22213-cv-ALTONAGA/Goodman** |
| ) | |
| v. ) | **DEFENDANTS' MEMORANDUM** |
| ) | **IN SUPPORT OF THEIR MOTION TO** |
| ULTA BEAUTY, INC. and ULTA ) | **DISMISS THE COMPLAINT** |
| BEAUTY COSMETICS, LLC, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

Defendants Ulta Beauty, Inc. ("Ulta Beauty") and Ulta Beauty Cosmetics, LLC ("Ulta Beauty Cosmetics") (collectively, "Defendants"), by and through their undersigned counsel, submit the following Memorandum in Support of Their Motion to Dismiss Lianne Yao's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## INTRODUCTION

Plaintiff, an alleged Florida resident and customer of Defendants, alleges in her one-count Complaint that Defendants, who "own[] and operate[] a national chain of beauty stores," violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by reselling as new cosmetics that were used by its customers and subsequently returned. Plaintiff's claim should be dismissed for at least three independent reasons. First, this Court has no personal jurisdiction over either defendant.[1] Second, Plaintiff has not stated her claim with particularity under Federal Rule of

---

[1] Counsel for Defendants have advised counsel for Plaintiff that the two entities named in this suit are not correct defendants based on the allegations in Plaintiff's Complaint. On June 8, 2018, counsel for Defendants advised counsel for Plaintiff that the entity that Plaintiff appears to have intended to name as defendant is Ulta Salon, Cosmetics & Fragrance, Inc.

1

Civil Procedure 9(b) and has engaged in improper group pleading. Finally, Plaintiff is not an "aggrieved person" under the FDUTPA and so does not have a claim under that statute.

## COMPLAINT ALLEGATIONS

Defendants purportedly "own[] and operate[] a national chain of beauty stores," offering for sale "a variety of cosmetics and skincare brands, men's and women's fragrances, and hair care products." (Compl. ¶ 10.) Plaintiff is a Florida citizen and alleged customer of Defendants' stores. (*Id.* ¶¶ 24-25.) Plaintiff alleges—based exclusively on anonymous social media accusations and news reports—that Defendants had a "practice of misrepresenting and reselling used beauty products as new and unused." (*Id.* ¶ 35.)

Plaintiff asserts that Defendants' alleged business practices violated the FDUTPA, Fla. Stat. §§ 501.201 *et seq.*, and seeks declaratory and injunctive relief. (Compl. ¶¶ 31-44.) Notably, Plaintiff's Complaint nowhere alleges that the products she received were in fact used, or that the products she purchased were defective, dangerous, or caused her any physical or other injury. Plaintiff also does not allege that she has any personal knowledge that used products are actually being resold at any Ulta retail location in Florida or elsewhere.

## ARGUMENT

### I.  THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiff's claim should be dismissed because this Court lacks personal jurisdiction over Defendants. A federal court may assert personal jurisdiction over a defendant if two conditions are met: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute [Fla. Stat. § 48.193] and (2) not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

The due process clause asks whether a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play

2

and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Courts recognize two types of personal jurisdiction: general and specific. *Rowe v. Gary, Williams, Watson and Gary, P.L.L.C.*, 2018 WL 627479, at *2 (11th Cir. Jan. 31, 2018). General jurisdiction exists only where the defendant has affiliations with the forum state that "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Establishing general jurisdiction is a very high bar.[2]

Specific jurisdiction focuses on the "relationship among the defendant, the forum, and that litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). In order for specific personal jurisdiction to exist, the defendant (1) must have engaged in minimum contacts with the forum, and (2) the controversy between the parties must "arise out of" or "relate to" those contacts. *See See Rowe*, 2018 WL 627479, at *3. Only contacts that create a "substantial connection with the forum state" are sufficient. *Walden*, 134 S. Ct. at 1121.

### A. This Court Has No Personal Jurisdiction Over Defendant Ulta Beauty, Inc.

Plaintiff's claim against Ulta Beauty should be dismissed because this Court has no personal jurisdiction over that entity. Ulta Beauty is a Delaware corporation with its principal place of business in Bolingbrook, Illinois. (*See* Ex. 1, Jodi Snedigar Decl., ¶ 2.)[3] Ulta Beauty is a

---

[2] Even a defendant's maintenance of "a substantial, continuous, and systematic course of business" in a state may be insufficient to establish general personal jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche*, 789 F.3d at 1205; *see also Pinnacle Ins. & Fin. Servs., LLC v. Sehnoutka*, 2017 WL 3193641, at *10-11 (M.D. Fla. July 27, 2017) (applying same analysis for LLC).

[3] Although arguments on a motion to dismiss are ordinarily limited to the pleadings, the Court may consider declarations in support of a motion to dismiss for lack of personal jurisdiction. *See JLIP, LLC v. Stratospheric Indus., Inc.*, 2014 WL 11776948, at *1 (S.D. Fla. Dec. 17, 2014).

3

holding company, with no material assets or operations other than ownership of equity interests of its subsidiaries. (*Id.* ¶ 3.) Accordingly, Ulta Beauty does not own or operate any retail stores or sell any beauty products in Florida or in any other state (*id.*), and does not, as Plaintiff contends, "engag[e] in business in Miami-Dade County." (*Compare* Ex. 1 ¶ 4–5 *with* Compl. ¶ 7.)

Because Ulta Beauty does not transact or solicit business of any kind in Florida (Ex. 1 ¶¶ 4–5), or have any other contacts with the state (*id*), Ulta Beauty's actions do not fall within any of the categories enumerated in Florida's long-arm statute that could submit Ulta Beauty to the Court's jurisdiction. Fla. Stat. § 48.193. Further, because Ulta Beauty has no contacts with the state of Florida, there can be no general or specific personal jurisdiction under the due process clause. *See Rowe*, 2018 WL 627479, at *3; *Carmouche*, 789 F.3d at 1204. Because this Court cannot exercise personal jurisdiction over Defendant Ulta Beauty, the Court should dismiss Plaintiff's claim as against that entity.

    **B.**    **This Court Has No Personal Jurisdiction Over Defendant Ulta Beauty Cosmetics**

Plaintiff's claim against Ulta Beauty Cosmetics should also be dismissed for lack of personal jurisdiction. Ulta Beauty Cosmetics is a Florida limited liability company with its principal place of business in Bolingbrook, Illinois. (Compl. ¶ 6.) It has a single member—Ulta Salon, Cosmetics, and Fragrance, Inc.—which is a Delaware corporation with its principal place of business in Bolingbrook, Illinois. (Ex. 2, Eric Masserschmidt Decl. ¶ 3.) Accordingly, Ulta Beauty Cosmetics is a citizen of Illinois and Delaware. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.2d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Ulta Beauty Cosmetics' purpose is to issue gift cards for Ulta Beauty stores nationwide. (Ex. 2 ¶ 5.) It does not own or

operate retail stores or offer beauty products for sale in Florida or any other state, and has no offices or employees in Florida. (*Id.* ¶¶ 6–7.)

Under these facts, the Court lacks general or specific jurisdiction over Ulta Beauty Cosmetics under Florida's long arm statute. Florida's long arm statute only recognizes general jurisdiction over defendants that engage in "substantial and not isolated" activity within the state. Fla. Stat. § 48.193(2). None of Ulta Beauty Cosmetics' occasional activities in Florida rise to that high standard. (*See* Ex. 2 ¶¶ 6–7.) With regard to specific jurisdiction, Florida's long arm statute only extends to claims "arising from" certain enumerated acts. Fla. Stat. § 48.193(1)(a). Because the claim at issue is not alleged to have arisen out of any gift cards issued by Ulta Beauty Cosmetics in the state of Florida, specific personal jurisdiction does not exist. *See Rowe*, 2018 WL 627479, at *3.

Furthermore, for essentially the same reasons, even if Florida's long arm statute were interpreted to extend to Ulta Beauty Cosmetics under the circumstances of this case, the exercise of either general or specific personal jurisdiction would violate the due process clause. General jurisdiction is permitted by the due process clause only where contacts with the forum state are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851 (quoting *Int'l Shoe*, 326 U.S. at 317). The entity's activities in the forum must "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche*, 789 F.3d at 1205; *Pinnacle Ins.*, 2017 WL 3193641, at *10–11 (applying same analysis to LLC). That level of activity does not exist here. Furthermore, specific jurisdiction is permitted only where there are sufficient "minimum contacts" and the dispute "arise[s] out of" those contacts. *See Rowe*, 2018 WL 627479,

at *3. Because the alleged dispute does not arise out of any of Ulta Beauty Cosmetics' contacts with Florida, specific personal jurisdiction does not exist.

## II.   PLAINTIFF HAS NOT PLED WITH PARTICULARITY AND USES IMPROPER GROUP PLEADING

Next, Plaintiff's Complaint should be dismissed because its allegations of fraud are not pled with particularity under Federal Rule of Civil Procedure 9(b) and it also relies extensively, if not exclusively, on improper "group pleading." Under Rule 9(b), a party is required to "state with particularity the circumstances constituting fraud or mistake." Group pleading violates pleading standards because, by lumping defendants together, the complaint does not give each defendant notice as to the scope of claims against it. Fed. R. Civ. P. 8.

*First*, the Court should find that Plaintiff's allegations must meet the Rule 9(b) pleading standard. "The particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law." *Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (Altonaga, J.). The FDUTPA creates liability for deceptive and unfair trade practices—categories which "encompass but are not limited to fraud." *Id.* However, where an FDTPA claim "sounds in fraud," Rule 9(b)'s particularity requirements apply. *Id.*

Plaintiff's Complaint clearly "sounds in fraud." Throughout the Complaint, Plaintiff alleges that Defendants "misrepresent[ed]" its products, that the alleged practices were "deceptive," and that Defendants "deceived" customers. (Compl. ¶¶ 29, 35, 38.) As courts have recognized in prior cases under the FDUTPA, because these particular allegations sound in fraud, they are subject to heightened pleading standards. *See Macbeg de Occidente SA de CV v. Kaloti Metals & Logistics, LLC*, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013) (dismissing

6

FDUTPA claim for failure to plead with particularity); *Blair v. Wachovia Mortg. Corp.*, 2012 WL 868878, at *3-4 (M.D. Fla. Mar. 14, 2012) (same); *Llado-Carreno*, 2011 WL 705403, at *5 (same).

In order to satisfy Rule 9(b), Plaintiff is required to set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a result of the fraud." *Macbeg*, 2013 WL 12145905, at *1 (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The Complaint falls far short of this standard. Plaintiff's Complaint is based on anonymous social media posts and news reports. Because she lacks any personal knowledge of any wrongdoing, Plaintiff can only generally allege that she "and other consumers have been deceived into believing that the products they purchased at Defendants' stores are new and unused." (Compl. ¶ 29.) Plaintiff does not detail any specific representations (or misrepresentations) purportedly made by Defendants, makes no attempt to identify which of Defendants' "products from 500 . . . beauty brands" were allegedly resold, does not specify which individuals made misrepresentations or omissions and in which stores, and does not identify when the misrepresentations or omissions were made (alleging only that the practice had been "ongoing for years"). (*Id.* ¶¶ 10, 22.) These failures are fatal to a claim subject to the requirements of Rule 9(b). *Macbeg*, 2013 WL 12145905, at *1.

*Second*, the Complaint violates the rule against group pleading by making no effort to differentiate between allegations against Ulta Beauty and Ulta Beauty Cosmetics, which Plaintiff concedes are separate corporate entities. (*See* Compl. ¶¶ 5-6.) Complaints may not "impermissibly lump[] together" defendants and then "mak[e] undifferentiated allegations against that composite

entity." *City of Miami v. JP Morgan Chase & Co.*, 171 F. Supp. 3d 1309, 1313-14 (S.D. Fla. 2016) (dismissing claim for group pleading). Group pleading is especially pernicious when (as here) the complaint alleges fraud and should be pled carefully and with particularity. *See Pierson v. Orlando Regional Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1287 (M.D. Fla. 2009) (dismissing fraud claim for using group pleading rather than pleading with particularity).

Despite the fact that Plaintiff knows that Ulta Beauty and Ulta Beauty Cosmetics are separate entities (*see* Compl. ¶¶ 5-6), Plaintiff defines, in the first paragraph of the Complaint, "Ulta" and "Defendants" to mean both entities. (*Id.* at 1.) All substantive allegations of the Complaint are then alleged jointly against either "Ulta" or "Defendants." (*See, e.g.*, *id.* ¶¶ 10, 22-23, 37, 39.) That is not enough; Ulta Beauty and Ulta Beauty Cosmetics are entitled to know the specific allegations levelled against each of them. Thus, Plaintiff's claim should be dismissed.

### III. PLAINTIFF'S CLAIM FAILS BECAUSE SHE IS NOT AN "AGGRIEVED" PERSON UNDER THE FDUTPA

Lastly, Plaintiff's claim should be dismissed because she is not an "aggrieved" person under the FDUTPA. The FDUTPA statute provides that "anyone *aggrieved* by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. § 501.211(1) (emphasis added). Thus, only "aggrieved" persons have a cause of action to bring FDUTPA claims for declaratory or injunctive relief. To qualify as an aggrieved person, Plaintiff "must be able to demonstrate some specific past, present, or future grievance." *Superior Consulting Servs., Inc. v. Shaklee Corp.*, 2018 WL 1791613, at *9 (M.D. Fla. Apr. 16, 2018). "The injury claimed cannot be 'merely speculative.'" *Id.*; *see also Macias v. HBC of Florida*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997) (finding that radio listener who alleged she missed an opportunity

to win prize money in a radio contest due to the contest's premature termination was not an "aggrieved" person under the FDUTPA because her claimed losses were speculative).

Here, Plaintiff is not an "aggrieved" person under the FDUTPA. Plaintiff does not allege that she purchased a used product from Defendants or otherwise encountered any such cosmetics. Instead, Plaintiff alleges that because she purchased *any* products at Defendants' stores, she was "put at risk" of purchasing used cosmetics. (Compl. ¶ 27, 28, 35.) That speculative risk—which plaintiff does not allege ever materialized despite her allegedly extensive purchases from Ulta retail stores—is not a sufficiently specific and concrete "grievance" to meet the "aggrieved" person requirement under the FDUTPA. *Superior Consulting*, 2018 WL 1791613, at *9; *Macias*, 694 So. 2d at 90. Because Plaintiff is not an "aggrieved" person under the FDUTPA, her claim should be dismissed.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

DATED: June 11, 2018.

Respectfully submitted,

 /s/ *Alan G. Greer*_____
Alan G. Greer, Esq.
Fl. Bar No. 123294
Mark A. Romance
Fl Bar No. 21520
Georgia A. Thompson, Esq.
Fl. Bar No. 100181
RICHMAN GREER, P.A.
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
mromance@richmangreer.com
agreer@richmangreer.com
gthompson@richmangreer.com
brodriguez@richmangreer.com
hvidal@richmangreer.com

AND

Craig C. Martin (pro hac vice application to be filed)
Matt D. Basil (pro hac vice application to be filed)
Paul B. Rietema (pro hac vice application to be filed)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484
cmartin@jenner.com
mbasil@jenner.com
prietema@jenner.com
*Attorneys for Ulta Beauty, Inc. and Ulta Beauty Cosmetics, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2018, a true and correct copy of the foregoing *Memorandum in Support of Defendants' Motion to Dismiss the Complaint* was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner to:

Lance A. Harke, Esq.
Daniel Tropin, Esq.
Barbara C. Lewis, Esq.
HARKE CLASBY & BUSHMAN LLP
9699 NE Second Ave.
Miami Shores, FL 33138
lharke@harkeclasby.com
dtropin@harkeclasby.com
blewis@harkeclasby.com
*Counsel for Plaintiff*

                                                          /s/ *Alan G. Greer*
                                        *Attorney for Ulta Beauty, Inc. and Ulta Beauty Cosmetics, LLC*