## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-22213-CIV-ALTONAGA/Goodman

**LIANNE YAO**,

      Plaintiff,

v.

**ULTA BEAUTY INC.** and
**ULTA BEAUTY COSMETICS, LLC**,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendants, Ulta Beauty Inc. and Ulta Beauty Cosmetics, LLC's Motion to Transfer Venue or to Stay [ECF No. 28] and accompanying Memorandum of Law ("Memorandum") [ECF No. 29], filed July 9, 2018. Plaintiff, Lianne Yao, filed a Response [ECF No. 31] on July 20, 2018, to which Defendants filed a Reply [ECF No. 33] on July 27, 2018. The Court has carefully considered the parties' submissions, the record, and applicable law. For the reasons that follow, the Motion is granted, and the case is transferred to the United States District Court for the Northern District of Illinois.

### I. BACKGROUND

Plaintiff filed her Complaint [ECF No. 1-2] in state court on April 20, 2018, stating one claim for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (*See* Compl. ¶¶ 31–34). Plaintiff's Complaint, which substantially copies a class action complaint filed in the Northern District of Illinois (*compare* Illinois Class Action Compl., Mem. Ex. 1 [ECF No. 29-1] *with* Florida Compl., Mem. Ex. 4 [ECF No. 29-4]), alleges Defendants have an "unlawful, unsanitary, and egregious practice of reselling partially used beauty products

that have been returned to [their] stores as new products to unsuspecting consumers." (Compl. ¶ 1 (alteration added)).

On June 4, 2018, Defendants removed this action to federal court on the basis of diversity jurisdiction. (*See* Notice of Removal [ECF No. 1] ¶ 5). Defendants then filed the Motion, seeking to transfer venue to the Northern District of Illinois because (1) the Illinois action was the first-filed action involving these parties and claims; or alternatively, (2) the Northern District of Illinois is a more convenient venue under 28 U.S.C. section 1404(a).[1] (*See generally* Mem.).

## II.  LEGAL STANDARD

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Alhassid v. Bank of Am., N.A.*, No. 14-20484-CIV, 2014 WL 2581355, at *2 (S.D. Fla. June 9, 2014) (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)). Under the first-to-file rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit . . . ." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (alterations added; citations omitted).

In determining whether the first-to-file rule applies, courts consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) (citations omitted). Where the rule applies, "the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an

---

[1] Because transfer is warranted under the first-to-file rule, the Court does not address the parties' arguments under 28 U.S.C. section 1404(a).

exception to the first-filed rule." *Id.* (alteration added; quoting *Manuel*, 430 F.3d at 1135).

"When the rule applies, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (internal quotation marks, citation, and alterations omitted). "[I]n applying the first-to-file rule, judges are afforded an ample degree of discretion." *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (alteration added; internal quotation marks and citation omitted).

## I.   ANALYSIS

Defendants contend transfer is warranted because the Illinois action was filed first, the two cases are co-extensive, and Plaintiff's individual claims are more appropriately heard as either part of the putative class action or before the same court charged with resolving the class action.   (*See generally* Mem.; Reply).   Defendants also argue Plaintiff has not shown any compelling circumstances to warrant an exception to the first-to-file rule.  (*See* Reply 2–3).

According to Plaintiff, the first-to-file rule does not apply to this case because: 1) the first FDUTPA claim against Defendants was filed in this action, 2) a class in the Illinois Action has not been certified; 3) the Illinois Action is a class action while this is an individual action; and 4) context and other factors favor the Plaintiff, as this case is advancing more rapidly than the purported first-filed case.  (*See* Resp. 9 (alterations added)).  The Court addresses each argument in light of the three factors identified in *Women's Choice Pharmaceuticals*.   *See* 2016 WL 6600438, at *2.

### A.  Chronology of the Two Actions

The Illinois action commenced on January 26, 2018, and so was filed before Plaintiff's action, which was filed on April 30, 2018.  (*See* Compl.; Illinois Compl.).  Plaintiff argues the chronology of the actions does not weigh in favor of transfer because "[Plaintiff] was both the first Florida consumer to sue [Defendants], and the first to bring a claim under Florida law." (Resp. 9 (alterations added)).  While Plaintiff is indeed the first to bring a claim against Defendants under the FDUTPA, the substance and basis of Plaintiff's claim are identical to the claims in the Illinois action — including the factual allegations and social media evidence, all of which Plaintiff copied wholesale from the Illinois action.  (*See, e.g.*, Compl. ¶¶ 13–23; Illinois Compl. ¶¶ 14, 18–21; 25–32).

Courts have rejected similar attempts to evade the first-to-file rule by raising a single additional claim not present in the first filed action.  *See, e.g.*, *Banegas v. Procter & Gamble Co*., No. 0:16-cv-61617, 2016 WL 5940104, at *1 (S.D. Fla. Sept. 28, 2016) (transferring case under first-to-file rule where "[t]he only difference is the application of California versus Florida substantive law" (alteration added)); *Fuller v. Abercrombie & Fitch Stores, Inc*., 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ("[Plaintiff] rightly recognizes that he alleges an additional claim not included in the [first] action. However, the issues in the two actions need not be identical; they need only substantially overlap." (alterations added; citations omitted)).  Plaintiff's addition of one FDUTPA claim to the litany of factual allegations in the Illinois action does not transform her lawsuit from later-filed to first-filed.[2]  The first factor accordingly weighs in favor of transfer.

---

[2]  In its current form, the Illinois action includes both a Florida plaintiff and a FDUTPA claim.  (*See* Am. Illinois Compl. [ECF No. 29-3] ¶¶ 14, 172–79).  Thus, the Northern District of Illinois will be addressing the claim raised in Plaintiff's Complaint regardless, further weighing in favor of transfer.

### B.  Similarity of the Parties

Plaintiff argues the parties to the Illinois action are not similar to the parties in this action because the Illinois action is a putative class action, while Plaintiff brings only individual claims. (*See* Resp. 10–12).  The Sixth Circuit considered precisely this situation in a case where "the [plaintiff's] claims relate[d] only to the [plaintiff's field] rather than being on behalf of a putative class covering all Ohio natural gas storage fields."  *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 788 (6th Cir. 2016) (alterations added).  The Sixth Circuit in *Baatz* held a plaintiff's choice to bring only individual claims does not preclude application of the first-to-file rule.  *See id.* at 791.  The court reasoned:

> [F]or purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified. . . . The reason is fairly straightforward: if the opposite rule were adopted, the first-to-file rule might never apply to overlapping class actions as long as they were filed by different plaintiffs . . . .
>
> [Plaintiffs] undoubtedly would be members of the . . . class if it were certified. Even though the . . . class would also include additional members who are not plaintiffs in this action, what matters for our purposes is that [plaintiffs] would be parties to both actions.  This overlap satisfies the similarity of the parties factor.

*Id*. at 790–91 (alterations added; citations omitted).  The Court agrees with the reasoning in *Baatz* — even though Plaintiff's FDUTPA claim is an individual one, and even though the Illinois class action is not yet certified, the overlap between the Illinois putative class definition and Plaintiff's claims "satisfies the similarity of the parties factor."  *Id*.

Plaintiff also argues there is insufficient similarity of parties because she retains the right to opt out of the Illinois action if it is certified.  (*See* Resp. 12–14 (citing cases)).  Not so.  While opting out of a certified class "is certainly [her] right if and when that day comes;" allowing her "to use this representation to prevent the first-to-file rule from being applied in the first instance would undercut the purposes of the first-to-file rule: parties, not courts, would determine when

the rule could be applied, and could force resource-draining duplicative class actions to proceed simultaneously." *Baatz*, 814 F.3d at 791 (alteration added).  The Court thus finds this second factor also weighs in favor of transfer.

### C.  Similarity of the Issues

Plaintiff does not contest Defendants' assertion (*see* Mem. 6) the issues in this action are substantially similar to those in the Illinois class action.  (*See generally* Resp.).  Indeed, Plaintiff's Complaint is copied nearly verbatim from the complaint filed in the Illinois action, and the issues in the complaints are identical.  (*Compare* Illinois Compl. *with* Florida Compl.). In similar circumstances, courts have found the similarity of the issues weighs in favor of applying the first-to-file rule.  *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps. of Engineers*, No. CV 114-178, 2015 WL 196018, at *2 (S.D. Ga. Jan. 14, 2015) (finding first-to-file rule applicable where the complaint in the later-filed action is "almost a carbon copy" of the first-filed suit and the "issues clearly overlap" in both actions).  The Court finds this factor weighs in favor of transfer.

### D.  Compelling Circumstances

Because the chronology of events, the similarity of the parties, and the similarity of the issues, all weigh in favor of transfer, the first-to-file rule applies.  *See Women's Choice Pharmaceuticals*, 2016 WL 6600438, at *2.  Given the rule applies, the burden shifts to Plaintiff to "prov[e] 'compelling circumstances' [that] warrant an exception to the first-filed rule."  *Id.* at *2 (alterations added; citation omitted).  Plaintiff seeks declaratory and injunctive relief.  (*See* Compl. ¶ 43).  "In determining whether 'compelling circumstances' exist to support an exception to the first-filed rule, the Eleventh Circuit has recognized that for declaratory judgment actions, 'one equitable consideration . . . is whether the . . . action was filed in apparent anticipation of

the other pending proceeding.'" *Chapman v. Progressive Am. Ins. Co.*, No. 3:17-cv-102/MCR/CJK, 2017 WL 3124186, at *1 (N.D. Fla. July 24, 2017) (alterations in original; quoting *Manuel*, 430 F.3d at 1135 (11th Cir. 2005)).

Plaintiff does not argue the Illinois action was filed in anticipation of her own, nor does she argue any other compelling circumstances exist. (*See generally* Resp.). Instead, Plaintiff contends "context and other factors favor the Plaintiff, as this case is advancing more rapidly than the purported first-filed case." (*Id.* 9). Both this case and the Illinois action are in the very early stages of litigation, and this is not a situation "where a second-filed matter has proceeded far beyond a first-filed matter, such that it becomes impractical to dismiss or stay the [second]-filed matter." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (alteration added; citation omitted). Plaintiff's observation a scheduling order has been entered and discovery responses received (*see* Resp. 1) does not present compelling circumstances to warrant an exception to the first-to-file rule.

Finally, the Court notes venue for this action is more convenient in Illinois. Defendants reside in Illinois (*see* Compl. ¶¶ 5–6), and Plaintiff alleges Defendants' repackaging and reselling of used makeup is a "routine practice" occurring in "locations nationwide" — not just Florida (*id.* ¶ 14). Witnesses and evidence related to Defendants' nationwide policies are located at the Illinois headquarters, and the locus of operative facts related to the alleged nationwide policy of reselling makeup is that headquarters as well. (*See* Reply 9–10). Finally, consolidating this case with the nearly identical Illinois action would prevent Defendants from defending against the same allegations in multiple jurisdictions, thus preserving both party and judicial resources.

CASE NO. 18-22213-CIV-ALTONAGA/Goodman

## II.    CONCLUSION

The Court weighs three factors in determining whether transfer is warranted under the first-to-file rule: (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. *See Women's Choice Pharms., LLC*, 2016 WL 6600438, at *2. Each factor weighs in favor of transfer, and thus the first-to-file rule applies. As Plaintiff has not shown any "compelling circumstances" to warrant an exception to the first-to-file rule, transfer is appropriate. *See id.* Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants, Ulta Beauty Inc. and Ulta Beauty Cosmetics, LLC's Motion to Transfer Venue or to Stay **[ECF No. 28]** is **GRANTED**. The Clerk is instructed to **TRANSFER** this case to the United States District Court for the Northern District of Illinois and to mark this case **CLOSED** in this District. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of August, 2018.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record